UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ELIZABETH JEREZ and JACQUELINE
McCRAY, on behalf of themselves and
all others similarly situated,

       Plaintiffs,

vs.

SUNRISE BLVD DONUTS, LLC, a
Florida limited liability company,
and CAFUA MANAGEMENT
COMPANY, LLC, a foreign limited
liability company,

       Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, ELIZABETH JEREZ and JACQUELINE McCRAY ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, sue the Defendants, SUNRISE BLVD DONUTS, LLC, a Florida limited liability company, and CAFUA MANAGEMENT COMPANY, LLC, a foreign limited liability company, and for their cause of action, declare and aver as follows:

1.    Plaintiffs bring this action on behalf of themselves and all others similarly situated to recover from the Defendants unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

2.    Plaintiffs are citizens and residents of Broward County, Florida, and within the jurisdiction of this Court.

3.     Defendant, CAFUA MANAGEMENT COMPANY, LLC ("CAFUA MANAGEMENT"), is a foreign limited liability company, doing business in Florida, and within the jurisdiction of this Court.

4.     Defendant, SUNRISE BLVD DONUTS, LLC ("SUNRISE DONUTS"), is a Florida limited liability company, doing business in Florida, and within the jurisdiction of this Court.

5.     CAFUA MANAGEMENT is the franchisee owner of over three hundred (300) Dunkin' Donuts retail store franchises in at least nine (9) states nationwide.

6.     Plaintiffs are former employees of CAFUA MANAGEMENT and SUNRISE DONUTS, having been hired to work at the SUNRISE DONUTS retail store franchise location and titled as "store managers".

7.     Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former "store manager" titled employees of CAFUA MANAGEMENT, located at any of its Dunkin' Donuts franchises nationwide, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

8.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

9.     At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

10.    At all times material hereto, during their employment with Defendants, Plaintiffs were, and continue to be, engaged in interstate commerce.

11.    The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former "store manager" titled employees of CAFUA MANAGEMENT located at any of its Dunkin' Donuts retail store franchises

2

nationwide, who are or were subject to the payroll practices and procedures described in the paragraphs below.

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former "store manager" titled employees of CAFUA MANAGEMENT located at any of its Dunkin' Donuts retail store franchises nationwide, while employed by CAFUA MANAGEMENT under the title and auspices of "store managers", and classified as exempt for purposes of overtime compensation eligibility, performed hours of service for CAFUA MANAGEMENT and its retail store franchises in excess of forty (40) during one or more workweeks, for which they failed to properly receive additional overtime premiums.

13. In fact, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are and were inappropriately and improperly classified as exempt employees, inasmuch as at no time material hereto did they have management as their primary duty.

14. Rather, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, customarily and regularly perform non-exempt work; that is, Plaintiffs' primary duty consists of waiting on customers, making various coffee drinks, serving the customers coffee and donuts, ringing up the sales and the like. Indeed, these same duties are performed by other employees in the stores who in fact are classified as non-exempt employees and paid on an hourly basis, as opposed to Plaintiffs, and those current and former employees similarly situated to Plaintiffs, who are paid on a salary basis. In fact, less than ten percent (10%) of the time of Plaintiffs, and those current and former employees similarly situated to Plaintiffs, is devoted to management duties, if at all.

15. Further, the management duties of Plaintiffs, and those current and former employees

similarly situated to Plaintiffs, is relatively unimportant in comparison to the non-exempt duties performed by Plaintiffs, and those current and former employees similarly situated to Plaintiffs.

16.   Still further, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, rarely exercise true discretionary powers in connection with matters of significance.

17.   Moreover, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are not relatively free from supervision in connection with matters of significance, such as human resource type issues, scheduling, hiring, firing, promoting, demoting, etc.

18.   Finally, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are paid a salary that is substantially similar to certain non-exempt employees in the retail stores.

19.   Additionally, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, do not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

20.   Finally, recommendations given by Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are not given any particular weight by upper management.

21.   In the course of their employment with the Defendants, Plaintiffs, and other current and former employees similarly situated to them, worked the number of hours required of them, many times in excess of forty (40), but were not paid overtime.

22.   The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to pay overtime to Plaintiffs, and those other current and former employees similarly situated to Plaintiffs, for those hours worked in excess of forty

4

(40).

23.    During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continues to employ individuals similarly situated to Plaintiffs (*i.e.* store managers) throughout the United States; (2) classified and continue to classify these employees as exempt for purposes of overtime compensation eligibility; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendants failed to pay additional overtime premiums.  Each improperly classified (and therefore improperly paid) employee who performed and/or continues to perform services for Defendants and CAFUA MANAGEMENT's other retail store franchises, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## COUNT I - RECOVERY OF UNPAID OVERTIME

24.    Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.    Plaintiffs are entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.  All similarly situated employees are similarly owed time and one-half, calculated properly, for those overtime hours they worked and for which they were not properly paid.

26.    By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiffs and

those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

27.   As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, ELIZABETH JEREZ and JACQUELINE McCRAY, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:          October 9th, 2015.

Respectfully submitted,

BENNARDO LEVINE LLP
1860 NW Boca Raton Blvd.
Boca Raton, FL  33432
Telephone:    (561) 392-8074
Facsimile:      (561) 368-6478
Attorneys for Plaintiffs

By:      *s/ Daniel R. Levine*
         DANIEL R. LEVINE, ESQ.
         Florida Bar No. 0057861
         E-mail:   drlevine@bennardolevine.com

6