EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between Elizabeth Jerez ("Jerez"), Sunrise Blvd Donuts, LLC ("Sunrise") and Cafua Management Company, LLC ("Cafua") (Sunrise and Cafua hereinafter collectively referred to as "Defendants") (Jerez and Defendants hereinafter collectively referred to as "the Parties").

WHEREAS, Jerez is a Plaintiff in a lawsuit styled *Jerez, et al. v. Sunrise Blvd Donuts, LLC, et al.*, Case No. 0:15-cv-62114-WJZ, which is pending in the United States District Court for the Southern District of Florida (the "Lawsuit");

WHEREAS, Defendants deny any and all liability to Jerez;

WHEREAS, the Parties desire to compromise and fully and finally resolve Jerez's claims for unpaid wages and retaliation brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA Claims") and all other claims that were or could have been asserted in the Lawsuit; and

WHEREAS, Jerez has been represented by counsel at all times during the pendency of the Lawsuit and has determined, with full advice of counsel, to knowingly and voluntarily enter into this Agreement.

NOW THEREFORE, in consideration of the terms and conditions hereafter set forth and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **Dismissal of FLSA Claims.**  Jerez consents to the dismissal of her FLSA Claims as set forth in the Lawsuit with prejudice.  In order to effectuate such dismissal, the parties shall execute and file a Joint Motion for Approval of Settlement and Dismissal with Prejudice in a form acceptable to the Court.  Each party shall bear her/its own attorneys' fees and costs, except as provided herein.  This Agreement is conditioned on the Court entering an Order of Dismissal of the Lawsuit with prejudice.

2.  **Last Day of Employment.**  Jerez's last day of employment with Cafua was May 14, 2015.

3.  **Consideration.**  In consideration for signing this Agreement, and for compliance with the promises made herein, Defendants agree to pay to Jerez and her counsel the total gross sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00), less deductions required by law, as follows:

    a.  a check payable to Elizabeth Jerez in the amount of Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($3,750.00), less lawful deductions, representing back wages for which a W-2 will be issued;

b.    a check payable to Elizabeth Jerez in the amount of Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($3,750.00), representing all other damages including, but not limited to, compensatory and/or liquidated damages, for which a 1099 form will be issued; and

c.    a check payable to Bennardo Levine LLP (Federal Taxpayer Number 80-0942771) in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), representing attorneys' fees and costs, for which a 1099 form will be issued. In this regard, the parties represent that the settlement fully satisfies Plaintiff's attorney's fees and further represent that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement and in relation to the attorney's fees.

The checks described above in subparts (a), (b) and (c) shall be delivered to Dan Levine, Esq. at Bennardo Levine LLP by no later than the eighth (8th) day following execution of this Agreement with Jerez's original signature. Levine shall not disburse any of the settlement proceeds until such time as (1) he has provided to Defendants' counsel a W-4 form executed by Jerez; (2) he has provided to Defendants' counsel W-9 forms executed by Jerez and Bennardo Levine LLP; and (3) approval by the Court of the Joint Motion for Approval of Settlement and Dismissal with Prejudice of the Lawsuit.

Defendants make no representation regarding the taxability of the amounts paid to Jerez. Jerez agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Jerez agrees to indemnify Defendants and hold them harmless from any interest, taxes, or penalties assessed against them by any governmental agency as the result of the non-payment of taxes on any amounts paid to Jerez under this Agreement.

4.    **No Consideration Absent Execution of this Agreement.** Jerez understands and agrees that she would not receive the monies and/or benefits specified in Paragraph "2" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

5.    **General Release, Claims Not Released and Related Provisions.**

a.    **General Release of All Claims.** Jerez knowingly and voluntarily releases and forever discharges Defendants, Plantation Coffee, LLC, their parent organizations, franchisors, affiliated entities, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, partners, attorneys, officers, directors, trustees and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Jerez has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of a claim regarding the following:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Age Discrimination in Employment Act of 1967;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
- Florida Whistle Blower, Fla. Stat. § 448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;
- Florida Wage Discrimination Law, Fla. Stat. § 448.07;
- Florida Equal Pay Law, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. § 448.075 et seq.;
- Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b.      **Claims Not Released.**  Jerez is not waiving any rights she may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) pursue claims which by law cannot be waived by signing this Agreement; (c) enforce this Agreement; and/or (d) challenge the validity of this Agreement.

c.      **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Jerez from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Jerez agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

d.      **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Jerez waives any right or ability to be a class or collective

action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

Defendants, Plantation Coffee, LLC, their parent organizations, franchisors, affiliated entities, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, partners, attorneys, officers, directors, trustees and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), knowingly and voluntarily release and forever discharge Jerez of and from any and all claims, known and unknown, asserted or unasserted, which Defendants have or may have against Jerez as of the date of execution of this Agreement and General Release.

6.     **Acknowledgments and Affirmations.**  Jerez hereby acknowledges and affirms the following:

a.     Jerez affirms she has not filed, caused to be filed, or presently is a party to any claim against any of the Defendants, with the exception of the Lawsuit.

b.     After receiving the monies described above in Paragraph 2, Jerez affirms she will have been paid all compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled, and she has no claims for additional time worked.

c.     Jerez affirms she has been granted any leave to which she was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

d.     Jerez affirms she has no known unreported workplace injuries or occupational diseases.

e.     Jerez affirms she has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and Jerez's agreement(s) with Defendants and/or common law.

f.     Jerez affirms she has not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers.

7.     **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provisions.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable,

excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.     **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.     **Advice of Counsel.**  Jerez acknowledges that she was advised by counsel, Dan Levine, Esq., regarding entering into this Agreement and that she has fully reviewed and understands all terms contained in this Agreement.

10.     **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11.     **No Application/No Duty to Re-Hire.**  Jerez acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Releasees, she shall not apply in the future for employment with Defendants.  In the event Jerez does apply for employment with Defendants, Jerez acknowledges that Defendants have no duty to consider her for re-hire.

12.     **Medicare and Liens.**   Jerez affirms that as of the date she signs this Agreement, she is not Medicare eligible (*i.e.*, is not 65 years or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Jerez under this settlement, Jerez agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of Jerez, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Jerez is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

13.     **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Jerez acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**JEREZ IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. JEREZ ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HER SIGNING OF THIS AGREEMENT AND, IN FACT, HAS CONSULTED WITH ATTORNEY DAN LEVINE,**

ESQ., PRIOR TO SIGNING THIS AGREEMENT.

JEREZ MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JENNIFER A. SCHWARTZ, ESQ., JACKSON LEWIS, P.C., 2 S. BISCAYNE BLVD., SUITE 3500, MIAMI, FLORIDA 33131, AND STATE "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MRS. SCHWARTZ OR HER DESIGNEE, OR MAILED TO MRS. SCHWARTZ AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER JEREZ SIGNS THIS AGREEMENT.

JEREZ AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

JEREZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Elizabeth Jerez

Signed: _____

Date: _04-18-2016_____

Cafua Management Company, LLC

Signed: _____
Title: __HR Director_____
Date: __4/25/16_____

Sunrise Blvd Donuts, LLC

Signed: _____
Title: __member_____
Date: __4·24·16_____

4841-5552-9264, v. 2

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between Jacqueline McCray ("McCray"), Sunrise Blvd Donuts, LLC ("Sunrise") and Cafua Management Company, LLC ("Cafua") (Sunrise and Cafua hereinafter collectively referred to as "Defendants") (McCray and Defendants hereinafter collectively referred to as "the Parties").

WHEREAS, McCray is a Plaintiff in a lawsuit _Jerez, et al. v. Sunrise Blvd Donuts, LLC, et al._, Case No. 0:15-cv-62114-WJZ, which is pending in the United States District Court for the Southern District of Florida (the "Lawsuit");

WHEREAS, Defendants deny any and all liability to McCray;

WHEREAS, the Parties desire to compromise and fully and finally resolve McCray's claims for unpaid wages brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, _et seq._ ("FLSA Claims") and all other claims that were or could have been asserted in the Lawsuit; and

WHEREAS, McCray has been represented by counsel at all times during the pendency of the Lawsuit and has determined, with full advice of counsel, to knowingly and voluntarily enter into this Agreement.

NOW THEREFORE, in consideration of the terms and conditions hereafter set forth and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Dismissal of FLSA Claims.** McCray consents to the dismissal of her FLSA Claims as set forth in the Lawsuit with prejudice. In order to effectuate such dismissal, the parties shall execute and file a Joint Motion for Approval of Settlement and Dismissal with Prejudice in a form acceptable to the Court. Each party shall bear her/its own attorneys' fees and costs, except as provided herein. This Agreement is conditioned on the Court entering an Order of Dismissal with Prejudice of the Lawsuit.

2. **Last Day of Employment.** McCray's last day of employment with Defendants was February 9, 2015.

3. **Consideration.** In consideration for signing this Agreement, and for compliance with the promises made herein, Defendants agree to pay to McCray and her counsel the total gross sum of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), less deductions required by law, as follows:

     a.   a check payable to Jacqueline McCray in the amount of One Thousand Two Hundred Fifty Dollars and Zero Cents ($1,250.00), less lawful deductions, representing back wages for which a W-2 will be issued;

b.      a check payable to Jacqueline McCray in the amount of One Thousand Two Hundred Fifty Dollars and Zero Cents ($1,250.00), representing all other damages including, but not limited to, compensatory and/or liquidated damages, for which a 1099 form will be issued; and

c.      a check payable to Bennardo Levine LLP (Federal Taxpayer Number 80-0942771) in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), representing attorneys' fees and costs, for which a 1099 form will be issued.  In this regard, the parties represent that the settlement fully satisfies Plaintiff's attorney's fees and further represent that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement and in relation to the attorney's fees.

The checks described above in subparts (a), (b) and (c) shall be delivered to Dan Levine, Esq. at Bennardo Levine LLP by no later than the eighth (8th) day following execution of this Agreement with Jerez's original signature.  Levine shall not disburse any of the settlement proceeds until such time as (1) he has provided to Defendants' counsel a W-4 form executed by Jerez; (2) he has provided to Defendants' counsel W-9 forms executed by Jerez and Bennardo Levine LLP; and (3) approval by the Court of the Joint Motion for Approval of Settlement and dismissal with Prejudice of the Lawsuit.

Defendants make no representation regarding the taxability of the amounts paid to McCray.  McCray agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement.  Moreover, McCray agrees to indemnify Defendants and hold them harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to McCray under this Agreement.

4.      **No Consideration Absent Execution of this Agreement**.  McCray understands and agrees that she would not receive the monies and/or benefits specified in Paragraph "2" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

5.      **General Release, Claims Not Released and Related Provisions**.

a.      **General Release of All Claims**.  McCray knowingly and voluntarily releases and forever discharges Defendants, their parent organizations, franchisors, affiliated entities, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, partners, attorneys, officers, directors, trustees and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which McCray has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of a claim regarding the following:

- Title VII of the Civil Rights Act of 1964;

Page 2 of 6

- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
- Florida Whistle Blower, Fla. Stat. § 448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;
- Florida Wage Discrimination Law, Fla. Stat. § 448.07;
- Florida Equal Pay Law, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. § 448.075 et seq.;
- Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b.      **Claims Not Released.**  McCray is not waiving any rights she may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) pursue claims which by law cannot be waived by signing this Agreement; (c) enforce this Agreement; and/or (d) challenge the validity of this Agreement.

c.      **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents McCray from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, McCray agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

d.      **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, McCray waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class,

collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

Defendants, Plantation Coffee, LLC, their parent organizations, franchisors, affiliated entities, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, partners, attorneys, officers, directors, trustees and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), knowingly and voluntarily release and forever discharge Jerez of and from any and all claims, known and unknown, asserted or unasserted, which Defendants have or may have against Jerez as of the date of execution of this Agreement and General Release.

6.  **Acknowledgments and Affirmations.**   McCray hereby acknowledges and affirms the following:

a.   McCray affirms she has not filed, caused to be filed, or presently is a party to any claim against any of the Defendants with the exception of the Lawsuit.

b.   After receiving the monies described above in Paragraph 2, McCray affirms she will have been paid all compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and she has no claims for additional time worked.

c.   McCray affirms has been granted any leave to which she was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

d.   McCray affirms she has no known unreported workplace injuries or occupational diseases.

e.   McCray affirms she has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and McCray's agreement(s) with Defendants and/or common law.

f.   McCray affirms she has not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers.

7.  **Governing Law and Interpretation.**   This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provisions.   In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void,

Page 4 of 6

leaving the remainder of this Agreement in full force and effect.

        8.    **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

        9.    **Advice of Counsel.**  McCray acknowledges that she was advised by counsel, Dan Levine, Esq., regarding entering into this Agreement and that she has fully reviewed and understands all terms contained in this Agreement.

        10.    **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

        11.    **No Application/No Duty to Re-Hire.**  McCray acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Releasees, she shall not apply in the future for employment with Defendants.  In the event McCray does apply for employment with Defendants, McCray acknowledges that Defendants have no duty to consider her for re-hire.

        12.    **Medicare and Liens.**  McCray affirms that as of the date she signs this Agreement, she is not Medicare eligible (*i.e.*, is not 65 years or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to McCray under this settlement, McCray agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of McCray, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which McCray is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

        13.    **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  McCray acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

      **MCCRAY IS ADVISED THAT SHE HAS UP TO SEVEN (7) CALENDAR DAYS TO CONSIDER THIS AGREEMENT.  MCCRAY ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY AND, IN FACT, HAS CONSULTED WITH ATTORNEY DAN LEVINE, ESQ., PRIOR TO HER SIGNING THIS AGREEMENT.**

      **MCCRAY   FREELY   AND   KNOWINGLY,   AND   AFTER   DUE**

**CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

[Remainder of page intentionally left short – signatures to follow on page 6]

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**Jacqueline McCray**

Signed: _J. McCray_

Date: _4/15/16_

**Cafua Management Company, LLC**

Signed: _Kimberley Coose_

Title: _HR Director_

Date: _4/25/16_

**Sunrise Blvd Donuts, LLC**

Signed: _Smithu_

Title: _member_

Date: _4.24.16_